li JOHNSON, J.,
granting rehearing and docket for oral argument.
The record contains proof that respondent timely filed his application for post-conviction relief in the district court and met the requirements of La.C.Cr.P. art. 930.8. We know now that we erred in granting the State’s application on the basis of timeliness.
The District court conducted an eviden-tiary hearing and concluded that respondent was denied effective assistance of counsel. At the evidentiary hearing, relator called Dane Ciolino, an attorney who testified as an expert on prevailing professional norms in the area of criminal representation. St.App. Ex. 10. Based on his review of the trial record and relator’s mental health records, Mr. Ciolino found that counsel made no effort to subpoena doctors in support of relator’s insanity de *984 fense. Mr. Ciolino also pointed to counsel’s unfamiliarity with the legal rules relating to the admission of relator’s mental health records as an example of counsel’s incompetence. In Mr. Ciolino’s view, counsel’s ignorance of the evidentiary rules combined with her failure to request a continuance to have the records properly introduced into evidence fell below the standard of care expected of reasonably competent counsel.
I would affirm the decisions of the District Judge and Court of Appeal, which set aside respondent’s convictions and sentences. At the very least, this court should docket the case for oral argument before summarily reversing on the merits.